## TATUM vs. HINES.

At common law, and under the general law of this State, where personal property comes to the wife by distribution, the title vests in the husband, and the property is liable for his debts; and if, in such case, the wife sets up a separate estate in the property, under the statute of another State, such statute is a matter of fact to be established by competent evidence.

Where a chancery cause is tried upon the pleadings and exhibits, this court will not presume, for the affirmance of the decree, that testimony was heard at the trial; as where the cause is so set down for hearing, no oral testimony can be given.

*Appeal from Union Circuit Court in Chancery.*

The Hon. SHELTON WATSON, Circuit Judge.

LYON & CARLETON, for the appellant.

MARR & HARDY, for appellee.

Mr. Justice WALKER delivered the opinion of the Court.

This was a suit in chancery, commenced in the Union Circuit Court, by Hines and wife against Tatum, to enjoin the sale of a slave, levied upon to satisfy a judgment in favor of Tatum against John H. Hines; the slave being claimed as the separate property of the wife, and not subject to seizure and sale for the payment of the husband's debts.

The material facts upon which the claim of the wife rests, are these : The complainants resided in the State of Mississippi about the year 1840. At what particular time they married, or how long prior to that time they resided in that State, does not appear; nor is it important to know, so far as their rights in this case may be affected. In that year, Vincent Glass, the father of the complainant, Rhoda Hines, then a resident of Noxubee county, in that State, died intestate, being at the time of his death the owner of slaves and other property. Due administration was had upon his estate, and such proceedings had, that, on the 1st of October, 1841, distribution of said estate was made between the heirs; in which *Catron*, the slave now in dispute, and *Maria*, were allotted and set apart to the said Rhoda as her property; which was evidenced by the following instrument in writing:

NOXUBEE COUNTY, }
*State of Mississippi.* }

Know all men by these presents, that we, Joel Glass and James Glass, administrators of the estate of Vincent Glass, deceased, do certify that in the division of the negroes by the names of Maria and Catron were awarded to his daughter, Rhoda Hines, his legal heir, as her part of the negroes that was awarded between the heirs of the said Glass, deceased, and is her own property as such.

Given under our hands and seals, this the first day of October, 1841. ·

JAMES GLASS,   [L. S.]
JOEL GLASS.    [L. S.]

This instrument purports to have been acknowledged and admitted to record in Noxubee county, Mississippi, on the 4th of April, 1842, and, afterwards, on the 3d of June, 1842, it was recorded in Bolivar county, in that State, and on the 6th of May, 1848, said instrument, together with the certificates of acknowledgment and record in Mississippi, were recorded in Union county, in this State, to which the complainants removed, and where they continued to reside at the commencement of this suit, all the while being in the possession of the slave Catron, who was claimed by the wife as her property, and such was the general understanding in the neighborhood of their residence in Union county.

This may suffice to show the nature of the claim of the complainant, Rhoda, to the property. The answer admits the identity of the slave, that she came to the wife as stated in the bill, but denies that a separate estate, under the laws of Mississippi, vested in the wife, or that, if the statute of Mississippi has made provisions to that effect, that they have been complied with, so as to vest in the wife a separate estate. Indeed, the whold equity of the case turns upon this point.

The material allegation in the bill is, that by force of the statute law of Mississippi, the title to those slaves vested in the wife, a *feme covert.* At the common law, we know that this would not be the case, nor even under the provisions of our own statute, for it is not pretended that there has, in this instance, been a compliance with them. And if there is such a statute in Mississippi, it is a matter of fact to be established by competent evidence. The courts of this State have no judicial knowledge of the local laws of Mississippi. (*Newton ex. vs. Cocke ex.*, 5 *Eng.* 169.) And it certainly devolves upon the complainants to show what the law of Mississippi was. This, it appears, they have failed to do. By reference to the record, it will be seen that the case was tried upon bill, answer, replication, and exhibits, which necessarily excludes the introduction of evidence. We must therefore presume that the Court below rendered its decree, in favor of complain-

ants, upon the state of case made by the pleadings and exhibits, without evidence of the statute law of Mississippi, and in this there was manifest error, because it is by force of that statute, that the complainant must, if at all, recover. Having failed to set the cause for hearing upon evidence as well as the pleadings and exhibits, so that the complainants might have introduced evidence to sustain the most important allegation in the bill, the decree was rendered without evidence, nor, as the case was set for hearing, can any evidence be introduced. Let the decree be reversed, and the cause be remanded, with instructions to dismiss the bill, dissolve the injunction, and decree to the defendant damages according to the statute.